HALD et al. v. CLAFFY et al.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

SPECIFIC PERFORMANCE (§ 106*)—PARTIES.

Where testator devised his estate to his executors, in trust to provide an income for his widow and daughter during the widow's life, the trust to terminate at her death, and the estate to be divided among testator's children, the executors took title under the express trust, and were the proper parties to carry out a contract for sale of part of the land; and where, in an action by the purchaser against the executors for specific performance, it appeared that defendants were prepared to give full title as to the dower interest, the court properly refused to·make the widow and heirs at law parties defendant.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 106.*]

Appeal from Special Term.

Action by Charles B. Hald and others against Joseph H. Claffy and another, as executors of the last will of Joseph Lawson, deceased, for specific performance of a contract for the sale of real property. From an order denying a motion to amend the summons and complaint, so as to make the widow and heirs at law of decedent parties defendant, plaintiffs appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Edward J. Reilley, for appellants.
Earl A. Darr, for respondents.

WOODWARD, J. On the 31st day of January, 1908, Joseph Lawson entered into a contract for the conveyance of certain real estate, situate in the borough of Brooklyn, to one Joseph Pettit, assignor of plaintiffs, and on the following day he departed this life, leaving a last will and testament, by the terms of which, after various specific bequests, he conveys to his executors "all the rest, residue and remainder of my estate, both real, personal and mixed," in trust for the purpose of providing an income of $60 per month to his widow, with an additional provision for an income of $20 per month for his daughter, during the life of his widow, and upon the latter's death the trust is to terminate, the property is to be sold, and the proceeds divided among his children. The plaintiffs claim that the legal title to the real estate involved is in the widow and heirs at law, and that, while the executors have tendered a deed of the premises, in accord with the terms of the contract of January 31st, this would not serve to give them good title.

We think the learned court at Special Term has properly denied the motion. The executors take the title to the testator's property as trustees under the express trust, and whether it be considered as real estate, or as having been converted into personalty through the operation of the contract of January 31, 1908, under the general rule prevailing in such cases (Williams v. Haddock, 145 N. Y. 144, 150, 39 N. E. 825), can make no make possible difference. The legal title to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the estate, whether consisting of real personal, or mixed property, vests in the trustees, subject only to the right of the beneficiaries to enforce the trust, and the executors and trustees have a perfect right to carry out the contract of the testator, and to accept the price agreed upon, constituting this a part of the trust fund. Neither the widow nor the heirs at law have any interest in this real estate, as such, with the exception, of course, of the widow's dower, and as to this the defendants allege in their answer that they are prepared to give a full title, which could be done, of course, with the consent of the widow. Indeed, with the exception noted, they have no interest in the property during the lifetime of the widow. It is vested in the trustees, subject to the right of the beneficiaries to have the trust enforced. Having no legal interest in the property, they could not be necessary parties in an action for specific performance, and the order appealed from is therefore right and proper.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.